FORDHAM, JUDGE:
Claimant brought this action for wages paid to employees imder the terms of the management contract between Aramark Facility Services, Inc. (hereinafter Aramark) and Concord University (hereinafter Concord). This matter came before the Court on a motion to dismiss on behalf of respondent and a motion for summary judgment on behalf of claimant. The Court is of the opinion to deny respondent’s motion to dismiss and to grant claimant’s motion for summary judgment.
The management contract between Aramark and Concord was entered into on November 22, 1996. Under the terms of the contract, Aramark was to manage and operate the physical plant, grounds keeping and custodial services at Concord. According to the terms of the contract, Aramark was responsible for the wages and salaries of its personnel, but Concord was to reimburse Aramark for those salaries and benefits associated with all Aramark personnel. The contract was renewed on a yearly basis until it expired on June 30,2001.
During the course of the contract, Aramark was requested by Concord to manage a summer painters program where seasonal workers were hired to paint donnitory rooms that had been damaged during the school year. This was in addition to the other responsibilities set out in the contract. These seasonal summer painters *9 were paid an hourly rate of seven dollars and the lead painter received a wage of eight dollars an hour. Aramark paid the wages of these seasonal summer painters, and pursuant to the contract, Concord reimbursed Aramark for these wages.
In 2001, the West Virginia Division of Labor (hereinafter Division of Labor), received twenty-one “Requests for Assistance” from employees of Aramark based upon an apparent infringement of the Prevailing Wage Act by Aramark. Nineteen of the twenty-one complainants were the seasonal summer painters. The other two complainants were a plumber and an HVAC (heating, ventilation and air conditioning) maintenance employee. It was initially determined that Aramark had committed no violations of the Prevailing Wage Act (W. Va. Code §21-5A-3).
However, after the initial finding of the Division of Labor, there was a change in administration and a new commissioner was appointed to the Division of Labor. The complaints against Aramark were reopened and another hearing was conducted where it was determined that Aramark owed the twenty-one complainants the amount of $508,169.66. Said amount was the Division of Labor’s calculation of the difference between the wages paid and the prevailing wage rate. After several hearings before a Hearing Examiner for the Division of Labor, Aramark was ordered by the Commissioner of the Division of Labor to pay $508,169.66 to the complainants. It was found that the failure of Aramark to pay prevailing wages was the result of an honest mistake or error, as defined by the provisions of W. Va. Code §21-5A-9(b). The Circuit Court of Kanawha County affirmed the Commissioner’s decision and the Supreme Court of Appeals of West Virginia denied Aramark’s petition for appeal.
Aramark issued payment to the Division of Labor in the amount of $557,037.52, a figure that included post-judgment interest. Aramark filed this claim before this Court for $557,037.52, based upon its position that Concord has a duty to reimburse it for this amount in accordance with the terms of the contract.
The position of the respondent is that it is not responsible for the monies Aramark paid per the order of Division of Labor. Respondent asserts these monies were penalties Aramark had to pay to the Division of Labor for violations of the Prevailing Wage Act and, therefore, respondent should not be held liable for these amounts.
Respondent contends that the findings of the Division of Labor were, in fact, penalties assessed against Aramark for failing to follow the Prevailing Wage Act. Respondent argues that since the failure to pay prevailing wages was due to an honest mistake or error, as defined by W. Va. Code §21-5A-9(b), the workers therefore had no basis to recover the difference in wages under that section, and, therefore, this was an administrative remedy and the equivalent of a fine or penalty. While respondent was responsible for reimbursement of wages for employees of Aramark, it was not responsible for reimbursement for penalties received by Aramark for failure to follow all the applicable laws, including the Prevailing Wage Act. Thus, respondent maintains it is not responsible for the reimbursement of Aramark for any penalties it incurred.
A Motion for Summary Judgment is made and considered by a court where there is no genuine issue of material fact. The Court herein is of the opinion that in this claim there is no genuine issue of material fact and claimant’s Motion will be determined by the Court at this time.
The Court is of the opinion that the monies paid pursuant to the order of the Division of Labor were not in the form of a penalty assessed against Aramark. The order of the Commissioner of the Division of Labor stated quite clearly that the failure of Aramark to pay prevailing wages was the result of an honest mistake or error, as defined by the provisions of W. Va. Code §21-5A-9(b). Further, the order stated that *10 because it was an honest mistake or error, no penalty under the provision of the same code sections would be imposed.
The Court, in determining that the monies paid by Aramark to the employees did not constitute a penalty against Aramark, is of the opinion that there is a moral obligation on the part of Concord to reimburse Aramark for the amounts assessed as wages paid to the employees who performed services requested by Concord. The hiring of these summer employees was done for the convenience of Concord because Aramark had much more flexibility in the hiring of these employees. Further, these employees were hired by Aramark at the request of Concord by and through the contract. It is undisputed that neither Concord nor Aramark contemplated that the hiring of these particular employees (most of whom were students) pursuant to the contract would be subject to the provisions of the Prevailing Wage Act. As such, and in light of the Court’s opinion that the monies paid did not constitute a penalty assessed against Aramark, the Court finds that it would be a gross miscarriage of justice to hold Aramark responsible for these monies paid in accordance with an order of the Division of Labor. Further, the Court is of the opinion that the principles of equity and good conscience are applicable in this claim; therefore, the Court denies respondent’s motion to dismiss and grants claimant’s motion for summary judgment.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $557,037.52.
Award of $557,037.52.
The Honorable David M. Baker took part in the hearing and decision of this matter.
The Honorable Robert B. Sayre took no part in the hearing of or decision of this matter, having recused himself.